UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI LEE NICHOLS,<br>　　　　Plaintiff,<br>　v.<br>GUIDETOINSURE, LLC,<br>　　　　Defendant. | Case No. 23-cv-04920-PCP<br><br>**ORDER DISMISSING CASE FOR LACK OF PERSONAL JURISDICTION**<br><br>Re: Dkt. No. 18 |

## BACKGROUND

Plaintiff Terri Lee Nichols alleges in this class action lawsuit that defendant Guidetoinsure, LLC unlawfully telemarketed its insurance services by making prerecorded robocalls and contacting numbers on the National Do No Call Registry. *See* 47 C.F.R. § 64.1200. Nichols claims that Guidetoinsure called her with the same prerecorded message four times in 2022—on April 26, May 2, May 6, and May 12. She asserts violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, on behalf of both a Robocall Class and a National Do Not Call Registry Class. Nichols requests injunctive relief, treble statutory damages, and class certification.

Guidetoinsure moves to dismiss the complaint for lack of personal jurisdiction and failure to state a claim. It argues that Nichols's contact information, including her Virginia area code phone number, was submitted through an online form, after which Guidetoinsure made calls to the provided phone number based on its understanding that she had consented to the calls. Guidetoinsure contends it was unaware Nichols was a California resident and did not engage in conduct expressly aimed at or known to cause harm in California, as needed for this Court to exercise personal jurisdiction. For the following reasons, the Court grants the motion for lack of personal jurisdiction, and need not address Guidetoinsure's Rule 12(b)(6) motion.

**LEGAL STANDARDS**

Federal Rule 4(k)(1)(A) provides that in the absence of a federal statute governing personal jurisdiction, "the district court applies that law of the state in which the district court sits." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Since "California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id.* at 800–01.

In order for a court to exercise personal jurisdiction over a particular defendant, due process requires that the defendant have "minimum contacts" with the chosen forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). The "minimum contacts" required by due process depend upon whether a court is exercising general or specific jurisdiction.

General jurisdiction extends to all claims that might be asserted against a defendant, and thus requires a substantial degree of contact with the forum. "A court may assert general jurisdiction over foreign … corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The "paradigm" bases for general jurisdiction are "the place of incorporation and principal place of business," although operations in another state might also be "so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 137, 139 n.19 (2014).

Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). For a court to exercise specific personal jurisdiction, the defendant "must have taken some act by which it purposefully avails itself of the privilege of conducting activities" in the forum state, and the claims "must arise out of or relate to the defendant's contacts with the forum." *Id.* at 1024–25. The Ninth Circuit applies a slightly different "purposeful direction" test for tort claims. *Davis v. Cranfield Aerospace Solutions, Ltd.*, 71 F.4th 1154, 1162 (9th Cir. 2023).

1 District courts in California thus apply a three-part test to determine whether they can
2 exercise specific personal jurisdiction over a defendant: (1) the non-resident defendant must
3 purposefully direct its activities or consummate some transaction with the forum or resident
4 thereof, or perform some act by which it purposefully avails itself of the privilege of conducting
5 activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must
6 be one which arises out of or relates to the defendant's forum-related activities; and (3) the
7 exercise of jurisdiction must comport with fair play and substantial justice. *See, e.g.*, *Core-Vent*
8 *Corp. v. Nobel Indus., AB*, 11 F.3d 1482, 1485 (9th Cir. 1993).

9 In opposing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the
10 plaintiff has the burden to prove that the Court's exercise of personal jurisdiction over the moving
11 defendant is appropriate. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). On such a motion,
12 the Court can consider evidence contained in affidavits and is not limited to the allegations of the
13 plaintiff's complaint. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

## ANALYSIS

15 Nichols does not allege in her complaint or argue in her opposition brief that this Court
16 may exercise general personal jurisdiction over Guidetoinsure. This is undoubtedly correct.
17 Guidetoinsure is incorporated in Utah and has its principal place of business there. It is not
18 registered to do business in California and does not have any offices, managers, property, assets,
19 or bank accounts in the state. Thus, Guidetoinsure's contacts with California are not "so
20 continuous and systematic as to render [it] essentially at home" in the state. *Goodyear Dunlop*,
21 564 U.S. at 919.

22 Contrary to Nichols's arguments, the Court also lacks specific personal jurisdiction over
23 Guidetoinsure. Because Nichols asserts TCPA claims that sound in tort, the Court must analyze
24 whether Guidetoinsure has minimum contacts with California under the purposeful direction test.
25 Purposeful direction requires the defendant to have "(1) committed an intentional act, (2)
26 expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be
27 suffered in the forum state." *Davis*, 71 F.4th at 1162–63. The Ninth Circuit has held that a foreign
28 act with foreseeable effects in the forum state only gives rise to specific jurisdiction "when the

3

defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft & Mstrs, Inc. v. Augusta Nat., Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).

Here, the purposeful direction test cannot support personal jurisdiction because Nichols cannot establish that Guidetoinsure targeted its advertising to her in California or knew that Nichols was a California resident when it made calls to her. To the contrary, Guidetoinsure has presented evidence that Nichols's contact information was submitted through an online form in November 2021, and that the information included a phone number with a Virginia area code.[1] Accordingly, even if the prerecorded calls violated the TCPA, Guidetoinsure did not know from Nichols's number that she was a California resident and would not have foreseen that making the phone calls to Nichols would cause harm in California.

Nichols argues that Guidetoinsure nonetheless knew or should have known that she was in California because the record generated from the online form included a California IP address. *See* Dkt. No. 11-2, at 49. Guidetoinsure responds that it never received that information. Specifically, Guidetoinsure has provided evidence that it was not privy to the IP address information because that metadata was "stored in a database in an encrypted format." Dkt. No. 18, at 15; *see Nichols v. 360 Financial Group et al.*, 2023 WL 163201, at *6 (N.D. Cal. Jan. 11, 2023) (refusing to "support a finding of jurisdiction based on metadata where the area code is not of the jurisdiction [plaintiffs] claim" to reside in). Nichols has not rebutted Guidetoinsure's evidence.[2]

Because the evidence establishes that Guidetoinsure made calls to Nichols at a non-California phone number and was not aware of the California IP address associated with the online submission of her contact information, the Court cannot conclude that Guidetoinsure ever engaged

---

[1] The parties dispute whether Nichols herself submitted her contact information through the online form and, in doing so, consented to the calls at issue. *See* Dkt. No. 24, at 3. The Court need not resolve this disagreement, however, because even if another party submitted Nichols's information, Guidetoinsure only knew of her Virginia area code phone number and thus would not have known on the basis of the information provided that she was a California resident.

[2] Because Guidetoinsure provided unrebutted evidence that it was unaware of the IP address associated with the online submission of Nichols's contact information, the Court need not decide whether knowledge of an IP address, standing alone, would suffice to establish personal jurisdiction.

4

in conduct that Guidetoinsure expressly aimed at California and knew would cause harm there. The Court therefore cannot exercise specific personal jurisdiction over Guidetoinsure. *See Komaiko v. Baker Techs., Inc.*, 2020 WL 1915884, at *7 (N.D. Cal. Apr. 20, 2020) ("Plaintiffs have not met their burden to show that [defendant] expressly aimed conduct at California through text messages sent to non-California numbers from non-California dispensaries.").

## CONCLUSION

For the foregoing reasons, the Court grants Guidetoinsure's motion to dismiss for lack of personal jurisdiction.

**IT IS SO ORDERED.**

Dated: April 15, 2024

P. Casey Pitts
United States District Judge